IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-00134-CG-B |
| ) | |
| RAYFIELD SNOWDEN ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the United States' Motion for Reconsideration of Order Granting Suppression. (Doc. 25). For the reasons set forth herein, the motion is **DENIED**.

"Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." United States v. Mason, No. 07-cr-52, 2008 WL 1882255, at * 1 (M.D. Fla. Apr. 24, 2008). Essentially three grounds for granting reconsideration exist: "(1) an intervening change in law controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Id. The United States argues the third ground.

On August 26, 2015, the Court granted Defendant Rayfield Snowden's (hereinafter, "Defendant") Motion to Suppress the evidence seized during a search of his vehicle. (Doc. 19). In this decision, the Court held that "the prolonged

detention of Defendant failed to comport with the requirements of the Fourth Amendment because Trooper Roe failed to articulate a particularized suspicion that criminal activity was afoot before the initial traffic stop with Defendant was completed." Id. at 7.  The Court relied on the recent United States Supreme Court case of Rodriguez v. Unites States, 135 S. Ct. 1609 (2015), in reaching this decision.

The United States argues that the Court's decision was wrong because (1) the post-warning encounter was consensual and (2) the Court failed to "analyze the body of law concerning consensual encounters." (Doc. 25, p. 1).  The Court finds these arguments unpersuasive for the following reasons.

In support of its position, the United States cites several cases.  See (Doc. 25). The problem is that each case predates Rodriguez.  The Court relied on Rodriguez because it is binding and current authority in this matter.  To ignore Rodriguez's holding would give short shrift to the directives of the United States Supreme Court.  The Court is inclined to follow the United States Supreme Court's directives.

The Supreme Court was clear in Rodriguez.  An officer's authority to seize an individual ends when the tasks tied to the traffic stop have been or reasonably should have been completed. Rodriguez, 135 S. Ct. 1609, 1615 (2015).  "Absent reasonable suspicion, police extension of a traffic stop in order to conduct a[n] [investigation] violates the Constitution's shield against unreasonable seizures."[1]

---

[1] The Court is dissuaded by the attempts to differentiate the dog sniff in Rodriguez from Trooper Roe's actions.  (Doc. 17, pp. 7–8).  This distinction puts form over substance.  It matters not if it is a dog sniff or a request to count one's money.  Both actions are a "measure aimed at detecting evidence of ordinary criminal wrongdoing" independent to the traffic stop's mission. Rodriguez, 13 S. Ct. at 1615.

<u>Id.</u> at 1611.

The Court's suppression is further substantiated by the United States' instant motion. The United States concedes that "[o]nce Trooper Roe saw that Snowden had much more cash than originally stated, the trooper had <u>formed reasonable suspicion</u> that Snowden was lying and had a duty to investigate further, which he did by asking questions about money and drugs in Snowden's car." (Doc. 25, p. 10) (emphasis added). Trooper Roe had reasonable suspicion after the traffic stop was completed because he asked to count the money. By asking to count the money, he prolonged the duration of the traffic stop. Therefore, the holding of <u>Rodriguez</u> applies.

Based on the foregoing, the Court finds that it's original decision was not a clear error or a manifest injustice. Therefore, the United States' Motion for Reconsideration (Doc. 25) is hereby **DENIED**.

**DONE and ORDER** this  21st day of September, 2015.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE

3